IN THE CIRCUIT COURT FOR CARROLL COUNTY, MARYLAND

MICHAEL WEYANT               *
3420 Hanover Pike
Manchester, Maryland 21102    *

    Plaintiff                    *

v.                                  *          CASE NO.

DICK'S SPORTING GOODS     *
45 Court Street
Coraopolis, Pennsylvania 15108   *

SERVE ON: CSC LAWYERS       *
INCORPORATING SERVICE, CO.,
RESIDENT AGENT              *
7 St. Paul Street, Suite 820
Baltimore, Maryland 21202        *

and                              *

FIELD & STREAM, subsidiary of DICK'S *
SPORTING GOODS
1000 Cranberry Square Drive, Suite D    *
Cranberry Township, Pennsylvania 16066
                                     *
SERVE ON: CSC LAWYERS
INCORPORATING SERVICE, CO.,     *
RESIDENT AGENT
7 St. Paul Street, Suite 820           *
Baltimore, Maryland 21202
                                     *
and
                                     *
ALLIANCE OUTDOOR GROUP
22844 230th Avenue                  *
Centerville, Iowa 52544
                                     *
SERVE ON: NATHAN STIEREN, CEO
22844 230th Avenue                  *
Centerville, Iowa 52544
                                     *
    Defendants
                                     *

\*    \*    \*    \*    \*    \*    \*

Plaxen Adler Muncy, P.A.
10211 Wincopin Circle
Suite 620
Columbia, MD 21044
(410) 730-7737

## COMPLAINT

**COMES NOW** the Plaintiff, Michael Weyant, by and through his counsel, Bruce M. Plaxen, Samantha B. Dos Santos, and Plaxen Adler Muncy, P.A., and states as follows:

1. That on or about November 13, 2019, the Plaintiff, Michael Weyant, purchased a Field & Stream Stealth II Climber from Dick's Sporting Goods located at 400 N. Center Street, Westminster, Maryland 21157.

2. That on the above-referenced date, the Plaintiff, Michael Weyant, positioned himself in a tree located at 2100 Carrollton Road, Finksburg, Maryland 21048 using the Field & Stream Stealth II Climber when the straps of the product broke, causing him to fall from the tree to the ground.

3. That on the above-referenced date, the Plaintiff, Michael Weyant, returned the Field & Stream Stealth II Climber to Dick's Sporting Goods located at 400 N. Center Street, Westminster, Maryland 21157 and advised of the defect and/or malfunction of the product.

4. That the Defendant, Dick's Sporting Goods, is a corporation regularly conducting business in the State of Maryland and sold the Field & Stream Stealth II Climber which is the subject of this Complaint to the Plaintiff, Michael Weyant, on the date of the incident.

5. That the Defendant, Field & Stream, is a corporation regularly conducting business in the State of Maryland (believed to be a subsidiary of the Defendant, Dick's Sporting Goods) and designed and/or manufactured the Field & Stream Stealth II Climber which is the subject of this Complaint.

6. That the Defendant, Alliance Outdoor Group, is a corporation regularly conducting business in the State of Maryland and designed and/or manufactured the Field & Stream Stealth II Climber which is the subject of this Complaint.

Plaxen Adler Muncy, P.A.
10211 Wincopin Circle
Suite 620
Columbia, MD 21044
(410) 730-7737

7. That said incident took place in Caroll County, Maryland.

8. That at all times in question, the Plaintiff, Michael Weyant, acted in a careful and prudent manner without any negligence contributing to the resulting incident.

## COUNT I
### (Negligence)
### (*Michael Weyant v. Dick's Sporting Goods*)

9. That the Plaintiff, Michael Weyant, adopts and incorporates all of the allegations of facts set forth as if fully set forth herein, and, in addition, states as follows:

10. That at the aforementioned time and place, the Defendant, Dick's Sporting Goods, had a duty to ensure that products sold by Dick's Sporting Goods, including the Field & Stream Stealth II Climber, were safe for their intended use.

11. That despite the Defendant's duty to ensure that products sold by Dick's Sporting Goods were safe for their intended use, there were defects to the subject Field & Stream Stealth II Climber which the Defendant knew, or should have known, would cause injuries to the public.

12. That the Defendant, Dick's Sporting Goods, breached its duty by selling the Field & Stream Stealth II Climber to the Plaintiff, Michael Weyant, with its defects, which then resulted in personal injuries sustained to the Plaintiff.

13. That the Defendant, Dick's Sporting Goods, breached its duty of care and was negligent in the following particulars, among others, to wit:

   a) Failing to ensure products sold by the Defendant were safe for their intended use

   b) Failing to ensure that the Field & Stream Stealth II Climber had been adequately engineered, inspected, and tested;

   c) Failing to inspect the Field & Stream Stealth II Climber prior to selling it;

Plaxen Adler Muncy, P.A.
10211 Wincopin Circle
Suite 620
Columbia, MD 21044
(410) 730-7737

      d)      Faling to ensure that appropriate fasteners, straps, bolts, and/or other parts of the Field & Stream Stealth II Climber were properly utilized by its designer and/or manufacturer;

      e)      Failing to test the Field & Stream Stealth II Climber sold by this Defendant, Dick's Sporting Goods

      f)      Being otherwise careless, reckless and negligent in regard to the sale of the subject Field & Stream Stealth II Climber.

14. That all of the above-mentioned acts of negligence were carried out by the Defendant, Dick's Sporting Goods.

15. That the injuries of the Plaintiff, Michael Weyant, were a natural and probable consequence and were a direct result of the Defendant's negligence.

16. That as a direct result of the negligence of the Defendant, Dick's Sporting Goods, the Plaintiff, Michael Weyant, suffered severe pain and permanent injuries to his body, as well as severe and protracted shock to his nervous system, all of which have caused him, and will continue to cause him, great pain and mental anguish.

17. That as a further direct result of the negligence of the Defendant, Dick's Sporting Goods, the Plaintiff, Michael Weyant, has been forced to spend, and will continue to expend, large sums of money for hospitals, x-rays, doctors, nurses, medical treatment and medicine for the treatment of the aforesaid injuries to himself.

**WHEREFORE**, the Plaintiff, Michael Weyant, demands judgment against the Defendant, Dick's Sporting Goods, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs of this action and for such other relief as is deemed just and proper.

**COUNT II**
**(Strict Liability)**
*(Michael Weyant v. Dick's Sporting Goods)*

18. That the Plaintiff, Michael Weyant, adopts and incorporates all of the allegations of facts set forth as if fully set forth herein, and, in addition, states as follows:

19. That the injuries to the Plaintiff, Michael Weyant, were caused by the Defendant's, Dick's Sporting Goods, sale of a defective product which was unsafe for its intended use.

20. That the Defendant, Dick's Sporting Goods, is thereby strictly liability for the injuries sustained by the Plaintiff, Michael Weyant, pursuant to the Maryland Courts of Appeals' adoption of Section 402(a) of the Second Restatment of Torts. *Phillips v. General Motors*, 278 Md. 337 (1976).

**WHEREFORE**, the Plaintiff, Michael Weyant, demands judgment against the Defendant, Dick's Sporting Goods, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs of this action and for such other relief as is deemed just and proper.

**COUNT III**
(Negligence)
*(Michael Weyant v. Field & Stream)*

21. That the Plaintiff, Michael Weyant, adopts and incorporates all of the allegations of facts set forth as if fully set forth herein, and, in addition, states as follows:

22. That at the aforementioned time and place, the Defendant, Field & Stream, had a duty to ensure that products it manufactured, including the Field & Stream Stealth II Climber, were safe for their intended use.

23. That despite the Defendant's duty to ensure that products it manufactured were safe for their intended use, there were defects to the subject Field & Stream Stealth II Climber which the Defendant knew, or should have known, would cause injuries to the public.

24. That the Defendant, Field & Stream, breached its duty by manufacturing, distributing, and/or selling the Field & Stream Stealth II Climber to the Plaintiff, Michael Weyant, with its defects, which then resulted in personal injuries sustained to the Plaintiff.

Plaxen Adler Muncy, P.A.
10211 Wincopin Circle
Suite 620
Columbia, MD 21044
(410) 730-7737

25. That the Defendant, Field & Stream, breached its duty of care and was negligent in the following particulars, among others, to wit:

  a) Failing to properly design the subject Field & Stream Stealth II Climber;

  b) Failing to properly manufacture and assemble the subject Field & Stream Stealth II Climber;

  c) Failing to select and use the appropriate straps, fasteners, bolts, and/or other parts of the Field & Stream Stealth II Climber;

  d) Faling to properly and adequately test the subject Field & Stream Stealth II Climber;

  e) Failing to manufacture and sell a reasonably safe treestand;

  f) Failing to warn and otherwise inform owners/purchasers of the subject Field & Stream Stealth II Climber of defects in the design and manufacturing of the product;

  g) Failing to conduct quality control inspections;

  h) Failing to include adequate warnings with the subject Field & Stream Stealth II Climber;

  i) Failing to timely and appropriately recall the subject Field & Stream Stealth II Climber;

  j) Designing the Field & Stream Stealth II Climber in an unreasonable and defective manner;

  k) Being otherwise careless, reckless and negligent in regard to the designing and manufacturing of the subject Field & Stream Stealth II Climber.

26. That all of the above-mentioned acts of negligence were carried out by the Defendant, Field & Stream.

27. That the injuries of the Plaintiff, Michael Weyant, were a natural and probable consequence and were a direct result of the Defendant's negligence.

28. That as a direct result of the negligence of the Defendant, Field & Stream, the Plaintiff, Michael Weyant, suffered severe pain and permanent injuries to his body, as well as

Plaxen Adler Muncy, P.A.
10211 Wincopin Circle
Suite 620
Columbia, MD 21044
(410) 730-7737

severe and protracted shock to his nervous system, all of which have caused him, and will continue to cause him, great pain and mental anguish.

29. That as a further direct result of the negligence of the Defendant, Field & Stream, the Plaintiff, Michael Weyant, has been forced to spend, and will continue to expend, large sums of money for hospitals, x-rays, doctors, nurses, medical treatment and medicine for the treatment of the aforesaid injuries to himself.

**WHEREFORE**, the Plaintiff, Michael Weyant, demands judgment against the Defendant, Field & Stream, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs of this action and for such other relief as is deemed just and proper.

## COUNT IV
### (Strict Liability)
### (*Michael Weyant v. Field & Stream*)

30. That the Plaintiff, Michael Weyant, adopts and incorporates all of the allegations of facts set forth as if fully set forth herein, and, in addition, states as follows:

31. That the injuries to the Plaintiff, Michael Weyant, were caused by the Defendant's, Field & Stream, designing and manufacturing of a defective product which was unsafe for its intended use.

32. That the Defendant, Field & Stream, is thereby strictly liability for the injuries sustained by the Plaintiff, Michael Weyant, pursuant to the Maryland Courts of Appeals' adoption of Section 402(a) of the Second Restatment of Torts. *Phillips v. General Motors*, 278 Md. 337 (1976).

**WHEREFORE**, the Plaintiff, Michael Weyant, demands judgment against the Defendant, Field & Stream, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs of this action and for such other relief as is deemed just and proper.

Plaxen Adler Muncy, P.A.
10211 Wincopin Circle
Suite 620
Columbia, MD 21044
(410) 730-7737

## COUNT V
### (Negligence)
### (*Michael Weyant v. Alliance Outdoor Group*)

33. That the Plaintiff, Michael Weyant, adopts and incorporates all of the allegations of facts set forth as if fully set forth herein, and, in addition, states as follows:

34. That at the aforementioned time and place, the Defendant, Alliance Outdoor Group, had a duty to ensure that products it manufactured, including the Field & Stream Stealth II Climber, were safe for their intended use.

35. That despite the Defendant's duty to ensure that products it manufactured were safe for their intended use, there were defects to the subject Field & Stream Stealth II Climber which the Defendant knew, or should have known, would cause injuries to the public.

36. That the Defendant, Alliance Outdoor Group, breached its duty by manufacturing, distributing, and/or selling the Field & Stream Stealth II Climber to the Plaintiff, Michael Weyant, with its defects, which then resulted in personal injuries sustained to the Plaintiff.

37. That the Defendant, Alliance Outdoor Group, breached its duty of care and was negligent in the following particulars, among others, to wit:

   a) Failing to properly design the subject Field & Stream Stealth II Climber;

   b) Failing to properly manufacture and assemble the subject Field & Stream Stealth II Climber;

   c) Failing to select and use the appropriate straps, fasteners, bolts, and/or other parts of the Field & Stream Stealth II Climber;

   d) Failing to properly and adequately test the subject Field & Stream Stealth II Climber;

   e) Failing to manufacture and sell a reasonably safe treestand;

Plaxen Adler Muncy, P.A.
10211 Wincopin Circle
Suite 620
Columbia, MD 21044
(410) 730-7737

 f) Failing to warn and otherwise inform owners/purchasers of the subject Field & Stream Stealth II Climber of defects in the design and manufacturing of the product;

 g) Failing to conduct quality control inspections;

 h) Failing to include adequate warnings with the subject Field & Stream Stealth II Climber;

 i) Failing to timely and appropriately recall the subject Field & Stream Stealth II Climber;

 j) Designing the Field & Stream Stealth II Climber in an unreasonable and defective manner;

 k) Being otherwise careless, reckless and negligent in regard to the designing and manufacturing of the subject Field & Stream Stealth II Climber.

38. That all of the above-mentioned acts of negligence were carried out by the Defendant, Alliance Outdoor Group.

39. That the injuries of the Plaintiff, Michael Weyant, were a natural and probable consequence and were a direct result of the Defendant's negligence.

40. That as a direct result of the negligence of the Defendant, Alliance Outdoor Group, the Plaintiff, Michael Weyant, suffered severe pain and permanent injuries to his body, as well as severe and protracted shock to his nervous system, all of which have caused him, and will continue to cause him, great pain and mental anguish.

41. That as a further direct result of the negligence of the Defendant, Alliance Outdoor Group, the Plaintiff, Michael Weyant, has been forced to spend, and will continue to expend, large sums of money for hospitals, x-rays, doctors, nurses, medical treatment and medicine for the treatment of the aforesaid injuries to himself.

Plaxen Adler Muncy, P.A.
10211 Wincopin Circle
Suite 620
Columbia, MD 21044
(410) 730-7737

WHEREFORE, the Plaintiff, Michael Weyant, demands judgment against the Defendant, Alliance Outdoor Group, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs of this action and for such other relief as is deemed just and proper.

## COUNT VI
### (Strict Liability)
### (*Michael Weyant v. Alliance Outdoor Group*)

42. That the Plaintiff, Michael Weyant, adopts and incorporates all of the allegations of facts set forth as if fully set forth herein, and, in addition, states as follows:

43. That the injuries to the Plaintiff, Michael Weyant, were caused by the Defendant's, Alliance Outdoor Group, designing and manufacturing of a defective product which was unsafe for its intended use.

44. That the Defendant, Alliance Outdoor Group, is thereby strictly liability for the injuries sustained by the Plaintiff, Michael Weyant, pursuant to the Maryland Courts of Appeals' adoption of Section 402(a) of the Second Restatment of Torts. *Phillips v. General Motors*, 278 Md. 337 (1976).

WHEREFORE, the Plaintiff, Michael Weyant, demands judgment against the Defendant, Alliance Outdoor Group, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs of this action and for such other relief as is deemed just and proper.

Respectfully submitted,

PLAXEN ADLER MUNCY, P.A.

Bruce M. Plaxen
10211 Wincopin Circle, Suite 620
Columbia, Maryland 21044
CPF No. 8212010364
(410) 730-7737
(410) 730-1615 – facsimile
*bplaxen@plaxenadler.com*
Counsel for Plaintiff

_____
Samantha B. Dos Santos
10211 Wincopin Circle, Suite 620
Columbia, Maryland 21044
CPF No. 1812110101
(410) 730-7737
(410) 730-1615 – facsimile
_sdossantos@plaxenadler.com_
Counsel for Plaintiff

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that the documents filed herein do not contain any restricted information.

_____
Bruce M. Plaxen
CPF No. 8212010364